UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTWON WILLIAMS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1187 JCH |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Antwon Williams, Sr.'s pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 24, 2009. (ECF No. 1). The matter is fully briefed and ready for disposition.

On April 5, 2006, Petitioner pled guilty in the Circuit Court of St. Louis City, Missouri, to two counts of first-degree assault, two counts of armed criminal action, and one count of first-degree burglary. Petitioner was sentenced to twenty-five years imprisonment on the assault counts, five years imprisonment on the armed criminal action counts, and fifteen years imprisonment on the burglary count, with all sentences to run concurrently. Petitioner did not appeal his convictions or sentences. Petitioner did file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Williams v. State, 280 S.W.3d 789 (Mo. App. 2009).

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant petition for writ of habeas corpus, Petitioner makes the following two claims for relief:

(1) That Petitioner received ineffective assistance of counsel, in that plea counsel

> induced Petitioner into pleading guilty by promising Petitioner he would receive a sentence of fifteen years imprisonment; and

(2) That the post-conviction motion court erred in denying Petitioner's Rule 24.035 motion.

(ECF No. 1, PP. 5-8). In response, Respondent contends the instant petition should be dismissed, as claim one is without merit, and claim two is not cognizable in this federal habeas proceeding. (ECF No. 8).

## **DISCUSSION**

### A. **Non-Cognizable Claim**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 2 of his petition, Petitioner claims the post-conviction motion court erred in denying his Rule 24.035 motion. (ECF No. 1, PP. 6-8). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317. See also Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir.), cert. denied, 451 U.S. 990 (1981). Petitioner's claim that the post-conviction motion court erred in denying his motion is collateral to his conviction and detention, and therefore is not cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317. Ground 2 is denied.

### B. **Claim Addressed On The Merits**

In Ground 1 of his petition, Petitioner claims he received ineffective assistance of counsel, in that plea counsel induced Petitioner into pleading guilty by promising Petitioner he would receive a

sentence of fifteen years imprisonment. (ECF No. 1, PP. 5-6). Petitioner contends that as a result of this alleged ineffective assistance of counsel, his plea of guilty was neither intelligently nor voluntarily made. (Id.). Petitioner raised this claim before the 24.035 motion court, which held as follows:

## FINDINGS OF FACT

3. Movant[1] informed the Court that no threats or promises had been made to induce his pleas, and the plea record indicates that he was pleading guilty voluntarily.

4. The record reflects that movant understood the charges, was aware of the range of punishment on the charges, and understood that the Court was not bound by the sentencing recommendation by the State or his attorney.

5. Movant understood the rights he was giving up by his guilty pleas.

6. Movant admitted the facts constituting the offenses as related by the Assistant Circuit Attorney were true and correct.

7. Movant was not under the influence of alcohol, drugs or medication at the time of the pleas.

8. Movant testified that his attorney had sufficiently investigated the case, had advised him of his rights, and had sufficiently discussed the case with him.

9. Movant asked for a pre-sentence investigation. The Court advised him that the report and sentencing guidelines would be considered, advised him that probation was not an option, and advised him that he was facing up to four consecutive life sentences plus an additional fifteen years.

10. After pronouncement of the sentences movant said he had not had sufficient time to discuss the case with his attorney. He admitted they had discussed his rights, and trial strategies and motions. He further said his attorney had promised he would get fifteen years if he pleaded guilty.

11. Movant testified at the hearing in this cause that he had been told by his attorney, after a meeting in chambers at which he was not present, that he would receive fifteen years if he pleaded guilty, and he said he would not have pleaded guilty if he had known he would get twenty-five years.

---

[1] Petitioner is referred to as Movant by the Missouri State courts.

12. Mr. Pickett[2] testified that the possibility of pleading guilty had been discussed before and during the trial. Movant asked him to meet with the judge and prosecutor and such a meeting was held during the lunch recess. Movant had said he would consider fifteen years. After the meeting Mr. Pickett told movant the judge would consider the range of punishment and that the only possibility for him to get fifteen years was by pleading guilty; if he went to trial he could get more than twenty-five years. Mr. Pickett had seen a letter dated April 6, 2006 that movant sent to the Court after he pleaded guilty. Mr. Pickett said the letter indicated movant had been confused, he explained that the only chance for fifteen years was by pleading guilty, and after the discussion movant told him not to file a motion to withdraw the pleas.

13. Mr. Pickett was a credible witness.

### CONCLUSIONS OF LAW

1. The only claim in movant's amended motion is that he was denied effective assistance of counsel because his attorney promised him he would receive concurrent sentences totaling fifteen years, and his attorney did not file a motion to withdraw his pleas.

2. After a plea of guilty the effectiveness of counsel is only relevant as it affects the voluntariness of the plea. The movant must show that but for his counsel's errors he would not have pled guilty and would have insisted on going to trial. Coke v. State, 229 S.W.3d 638, 641 (Mo.App. W.D. 2007). The disappointing realization that a greater sentence has been imposed than that anticipated does not render a guilty plea involuntary. Steinle v. State, 861 S.W.2d 141, 144 (Mo.App. W.D. 1993).

3. The Court finds movant's claim is without merit. Movant testified during the plea proceeding that no promises had been made to induce his pleas and his attorney testified at the hearing that no promises had been made but rather that movant understood his only hope for fifteen years was by pleading guilty. The plea transcript reflects that movant understood he was facing any sentences within the range of punishment, the Court advised him that he could face up to four life sentences plus fifteen years, and the court advised him that his sentences would be in part determined by the pre-sentence investigation report.

(Resp. Exh. C, PP. 129-132). Petitioner advanced this claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

---

[2] Petitioner was represented by Mr. Christopher Pickett during the guilty plea proceeding. (Resp. Exh. C, P. 128).

Generally, in order to establish a claim of ineffective assistance of counsel, a movant must show that counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney, and as a result the movant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Skillicorn v. State*, 22 S.W.3d 678, 681 (Mo. banc 2000). However, "[b]y pleading guilty, [Williams] waived all errors except those which affect the voluntariness of the pleas or the understanding with which the pleas were given. Any claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo. App. S.D. 1990).

In his sole point on appeal, Williams claims that the motion court clearly erred in denying his motion for post-conviction relief because his trial counsel was ineffective in that he mistakenly induced Williams to plead guilty by falsely promising that the court would sentence him to fifteen years total incarceration. Williams also claims that counsel was ineffective for failing to file a motion to withdraw Williams's guilty pleas. Williams claims that but for counsel's ineffectiveness, he would not have pled guilty, but would have proceeded to trial.

At the evidentiary hearing, Williams testified that during the lunch recess on the second day of trial his counsel talked with the trial judge in chambers. It is Williams's position that he did not discuss pleading guilty with trial counsel prior to this meeting in chambers. However, trial counsel testified that he and Williams had been discussing a guilty plea in the days leading up to trial and that he talked to the judge because Williams asked him to. Williams claims that following this meeting in chambers, his trial counsel told him that the judge agreed to limit his sentence to fifteen years if he pled guilty.

In support of his claim that trial counsel made false promises regarding the sentence he would receive in exchange for his guilty plea, Williams relies upon a letter he sent to the trial court following his guilty pleas, but prior to sentencing. The letter informed the court of Williams's understanding, based on representations made by trial counsel, that he would receive a fifteen-year sentence if he pled guilty. The letter further stated that if his understanding was incorrect he wished to have his guilty pleas withdrawn. Williams claims that the letter is evidence that his response to the trial court at the plea hearing indicating that he understood that the court could enter any sentence within the statutorily [sic] range of punishment was not what he actually understood was supposed to happen.

At the evidentiary hearing, trial counsel was questioned about his statements to Williams and about the letter Williams sent to the court. First, trial counsel testified that he did not promise that Williams would receive a fifteen-year sentence if he pled guilty to the charges. Instead, counsel testified that he told Williams that his only hope of receiving a fifteen-year sentence was to plead guilty. Further, trial counsel testified that he explained to Williams that the court would consider all punishments within the range provided by the law. Trial counsel also testified that

upon becoming aware of the letter Williams sent to the trial court, he understood Williams to be "confused." Counsel discussed the letter with Williams and believed that he had cleared up any misunderstandings. Moreover, trial counsel testified that after their conversation, Williams did not want trial counsel to withdraw his guilty pleas.

Thus, trial counsel's testimony presented a version of the facts that differed from the version given by Williams. Although Williams testified that his trial counsel promised him a fifteen-year sentence if he pled guilty, the motion court's decision to deny Williams's motion indicates that it found trial counsel to be more credible. "We defer to the motion court's superior opportunity to judge the credibility of the witnesses." *Payne v. State*, 21 S.W.3d 843, 845 (Mo. App. E.D. 1999). The motion court, having heard both versions of the facts, determined that trial counsel was not ineffective, and therefore overruled Williams's motion for post-conviction relief. Giving deference to the motion court's implicit finding that trial counsel was more credible than Williams, we cannot, based upon trial counsel's testimony, find any error in the motion court's determination that trial counsel was not ineffective.

Furthermore, when a defendant seeking post-conviction relief claims his guilty plea was involuntary because he was misled by counsel, the test is whether the defendant's mistaken belief was reasonable. *Holt v. State*, 811 S.W.2d 827, 828 (Mo. App. S.D. 1991). We find that even if Williams mistakenly believed that he would receive a fifteen-year sentence, he has failed to show that his belief was reasonable. First and foremost. Williams testified at the evidentiary hearing that he did not think that judges typically made plea deals with defense attorneys. Moreover, Williams's testimony at the plea hearing refutes his claim that he thought his plea insured that he would receive a fifteen-year sentence. At the time Williams entered his guilty plea, he testified that no promises had been made to him to get him to plead guilty. He also testified that he understood that regardless of the recommendations made by the State and by Williams's counsel, the court could enter any sentence within the statutorily-defined range of punishment. Williams was informed by the State as to the range of punishment for each of the crimes charged, and he indicated to the trial court that he understood the range of punishment possible. Finally, the trial court directed the State to prepare a pre-sentence investigation report, and directed Williams's counsel to prepare a separate report. The court stated, "I will read everything that's given and that's brought to my attention, and I'll weigh it all and consider it all, including the proposed guidelines by the Missouri Sentencing Advisory Commission."

While Williams acknowledges that he testified that no threats or promises had been made to him in order to persuade him to plead guilty, he claims that he answered as he did "[b]ecause I thought it was proper procedure just for me to go along with the process." We find this explanation unconvincing in light of (1) Williams's testimony at the evidentiary hearing that he did not think that judges typically made plea deals with defense attorneys, (2) trial counsel's credible testimony that he did not make any promises to Williams, and (3) the extensive plea colloquy, including the trial court's statement at the plea hearing that he would consider all of the

recommendations and the proposed guidelines before rendering the sentence. Even assuming that Williams entered the plea hearing with the mistaken belief that he was going to receive a fifteen year sentence, and that the court was just following certain "procedures," we believe that after the extensive plea colloquy between Williams and the court, a reasonable person in Williams's position would no longer hold the belief that the court promised to limit his sentence to fifteen years in exchange for a guilty plea.

Finally, we are not persuaded by Williams' claim that his trial counsel was ineffective because he failed to withdraw Williams's guilty plea. Trial counsel testified that after receiving Williams's letter to the trial court, he met with Williams and clarified any misunderstandings that Williams had. Trial counsel then advised Williams that he thought it was in Williams's best interest to proceed with the plea, and, according to trial counsel, Williams agreed. Again, by overruling Williams's motion for post-conviction relief, the motion court apparently found trial counsel's version of the facts more credible. Thus, Williams failed to carry his burden of proving that trial counsel was ineffective for failing to file a motion to withdraw his plea because the credible evidence in the record shows that Williams told his counsel not to file such a motion.

Williams has failed to prove by a preponderance of the evidence that the motion court clearly erred in denying his motion for post-conviction relief. Williams's point is denied.

(Resp. Exh. E, PP. 3-7).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri courts is entitled to

deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[3] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984).

In the instant case, the Court finds Petitioner fails to satisfy either prong of the Strickland test. Rather, as noted above, during the guilty plea proceeding Petitioner testified that he understood the range of punishment attendant to each of his charges, and that the judge was not bound by recommendations from either the State or defense counsel. (Resp. Exh. C, PP. 30, 36-37, 39-40).[4] Petitioner further testified that no one made any promises or threats to induce his guilty plea, that his attorney had not refused to comply with any of his requests, that he had been given enough time to

---

[3] The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

[4] The trial judge specifically stated as follows: "But they [Petitioner's parents] understand consequences and, you know, an alternative, and it hasn't--it's not one that I'm likely to consider, but you could be sentenced to four consecutive life terms and a fifteen year term. I'm not going to do that. I'll tell you that right now. That would not be an appropriate disposition of the case, but I'm going to consider everything that's reasonable...." (Resp. Exh. C, PP. 39-40).

discuss his case with his attorney and Mr. Pickett had answered all his questions, and that he had no complaints or criticisms of his attorney. (Id., PP. 29, 31, 33-34). Finally, when the trial court questioned Petitioner regarding his understanding of his plea and the incident waiver of rights, Petitioner testified that he understood his rights, and was pleading guilty because he was guilty. (Id., PP. 32, 35-36).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). In light of the foregoing, this Court finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Ground 1 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 31st day of August, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE